UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CASTRO RUBIO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, ET AL.,<br><br>Respondents. | Case No.  1:26-cv-03795-KES-HBK<br><br>ORDER DENYING APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. No.  3) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on May 18, 2026 (Doc. 3). Petitioner is an immigration detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) at the Golden State Annex Detention Facility in McFarland, California. He alleges that his prolonged detention—exceeding one month—without a bond hearing violates the Due Process Clause of the Fifth Amendment (Doc. 1).  As relief, Petitioner seeks release from custody or, in the alternative, an order directing Respondent to provide a hearing before an immigration judge. (*Id.* at 18).

Petitioner requests appointment of counsel based on "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success."  (Doc. 3 at 2).  As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas

proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In determining whether the interests of justice require appointment of counsel, courts consider (a) the petitioner's likelihood of success on the merits and (b) the petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts   require appointment of counsel if (1) the Court authorizes discovery upon a showing of good cause and counsel is necessary for effective discovery, or (2) the Court determines that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

With respect to likelihood of success, Petitioner challenges his current detention pending removal proceedings. To better ascertain the basis for Petitioner's detention and evaluate his due process claim, the Court has directed Respondent to file a response to the Petition; that response is not yet due. Consequently, at this early stage of the proceedings, the Court cannot conclude that Petitioner has demonstrated a likelihood of success on the merits. Additionally, in ordering a response, the Court directed Respondent to submit all relevant records necessary for adjudication of the Petition. Thus, it remains unclear whether discovery or an evidentiary hearing will be necessary until the Court has reviewed the record.

Finally, although Petitioner cites the complexity of immigration laws, he has demonstrated an ability to articulate his claims. Petitioner filed an 18-page habeas petition that includes a detailed statement of facts and supporting legal authority. On this record, the Court does not find that appointment of counsel is presently necessary to prevent a due process violation.

////

////

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. 3) is DENIED without prejudice.

Dated:    May 22, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE